EDWIN A. LOMBARD, Judge.
This case arises from an ongoing dispute between an attorney and his former client over the recovery of interest expended on loans secured to fund litigation. The attorney appeals the trial court’s finding that the client overpaid interest and is entitled to a 'reimbursement. For the following reasons we affirm.
FACTS AND PROCEDURAL HISTORY
On June 19, 1992, George Chittenden (“Chittenden”) retained Carimi (“Cari-mi”) [1] to handle a personal injury claim that arose from an automobile accident. Chittenden signed a contingency fee contract that authorized Carimi to secure a bank loan (line of credit) to “[pay] the costs and expenses necessary to prosecute” the tort claim. The contract between Carimi and Chittenden clearly reflects that Chittenden agreed “that the full amount of the interest charged on such loans will be reimbursed to Attorneys ... out of the funds received on this claim.” A specific interest rate was not written in the contract.
12Carimi advanced the necessary funds to pursue Chittenden’s case as well as funds for living and medical expenses. On January 2, 1994, the Chittendens terminated the client-attorney relationship and hired new attorneys. Chittenden’s new counsel later settled the suit for $1.35 million. Carimi intervened in the proceedings to protect his right to the legal fees he was owed, together with a claim for reimbursement for funds advanced and interest expended on loans Carimi made pursuant to his contract with Chittenden. In response to the intervention, Chittenden paid Cari-mi $46,162.54 in reimbursement for costs and funds advanced, but he refused to pay $40,859.25 in interest charges.
After conducting an evidentiary hearing, the trial court awarded Carimi interest in the sum of $40,859.25 and allowed him to remove this amount from the court registry. Carimi withdrew these funds and paid Chittenden’s interest charges attributable to him on Carimi’s line of credit.
Chittenden perfected a devolutive appeal from the trial court’s ruling. This court upheld the trial court and found that “neither Darryl J. Carimi nor his law firm has violated any rules of professional conduct in making advances to the plaintiffs and in passing along that portion of the interest attributable to the plaintiffs on the line of credit with the banks.” Chittenden v. State Farm Mut. Auto. Ins. Co., 98-2919, p. 10 (La.App. 4 Cir. 12/15/99), 748 So.2d 641, 647.
Subsequently, Chittenden filed a writ of certiorari before the Louisiana Supreme Court. In Chittenden v. State Farm Mut. Auto. Ins. Co., 00-0414 (La.5/15/01), 788 So.2d 1140, the Court affirmed our decision, and concluded that Carimi did not violate the Rules of Professional Conduct. However, the Court did find that “Carimi’s system of payment created a situation where interest was compounded and the clients [Chittenden] were then paying interest on interest Lpreviously accrued.” Chittenden, 2000-0414 at p. 8, 788 So.2d at 1147. The Court further held that “[b]e- *583 cause Chittenden did not agree that interest would be compounded, he is only obligated to pay simple interest to Carimi.” Chittenden, 2000-0414 at p. 15, 788 So.2d at 1151. The Court remanded the matter for the trial- court to determine the correct amount of interest that was owed.
On remand, the trial court appointed a Special Master to calculate the amount of interest owed to the law firm and report his findings. Peter J. Butler, a lawyer and certified public accountant, was appointed to serve as Special Master. He issued a report finding that the method used by the Carimi firm in computing the interest owed amounted to a compounding of interest, rather than simple interest on the monies advanced. Thus, the Special Master found that the firm was overpaid interest in the amount of $ 20,022.55.. Additionally, he found that the law firm should be ordered to repay the Chittendens this amount with legal interest from August 28, 1998. On July 31, 2002, the trial court adopted the Special Master’s report.
Subsequently, Carimi filed a motion for new trial objecting to the Special Master’s findings of fact and law. On October 29, 2002, the trial court granted Carimi’s motion for new trial. After considering the pleadings, law and arguments, the trial court denied Carimi’s objection to the Special Master’s report and adopted the same on January 3, 2003.
Carimi perfected this appeal assigning the following as error:
1) The trial court erred when it adopted the Special Master’s Report since the Special Master failed to analyze the ledger sheets which showed payments to third parties for interest on the credit line that were paid under the performance of the contingency . fee contract.
|42) The trial court erred when it failed to correct the Special Master’s assumption that the interest charged by Carimi Law Firm was compound interest.
3) The trial court erred in failing to recognize that Louisiana law allows for one loan document to refer to a different instrument that expressly states that the amount of interest on the loan instead of expressly stating the amount of interest in the first document.
4) The trial court erred when it failed to allow Carimi Law Firm to recover interest from the dates that he expended money on Chittenden’s behalf because the Supreme Court required the use of legal interest due to the fact finding that the interest rate was not in writing. -
5) The Report of the Special Master is in error in that it requires “Darryl J. Carimi” to return interest paid.
LAW AND ANALYSIS
In the first assignment of error, Carimi alleges that the trial court erred in adopting the Special Master’s report because it failed to award interest from the dates that he expended money on Chittenden’s behalf. Carimi argues that the Special Master failed to properly analyze the data in the exhibits submitted by both Carimi and Chittenden. Thus, according to Cari-mi, the Special Master’s improper analysis led to 'an erroneous conclusion that a reimbursement is owed to Chittenden.
Appellate courts may not. set aside a trial court’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong.” Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). Further, where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review. Id. As stated in ESCO, “[i]n applying the manifestly erro *584 neous — clearly wrong standard to the findings below, appellate courts must constantly have in mind that their initial review function is not to decide factual | ^issues de novo.” Id. at 844. Thus, if the trial court’s decision is reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though the appellate court would have weighed the evidence differently.
In this case, there is no evidence that the trial court was manifestly erroneous in accepting the Special Master’s findings. The only task the Special Master was charged with was determining the amount of “simple legal interest” owed by Chittenden to Carimi. The report indicated that the Special Master analyzed evidence submitted by both parties and concluded, after applying simple interest calculations, that Chittenden actually overpaid Carimi. We find that this determination was reasonable. Thus, the trial court’s conclusion to adopt the Special Master’s report was not manifestly erroneous.
The Supreme Court remanded the case to the trial court solely for the calculation of simple interest owed on the monies borrowed to fund the litigation. Their conclusion that Carimi’s interest calculation constituted compound interest and that the rate of legal interest is the applicable rate is definitive (i.e., res judicata). Accordingly, assignments of error 2, 3 and 4 are not properly before us and we decline to consider them.
Carimi’s fifth assignment of error questions his personal liability for the overpaid interest. La. C.C. Art.2057 provides:
In case of doubt that cannot be otherwise resolved, a contract must be interpreted against the obligee and in favor of the obligor of a particular obligation.
Yet, if the doubt arises from lack of a necessary explanation that one party should have given, or from negligence or fault of one party, the contract must be interpreted in a manner favorable to the other party whether obligee or obligor.
Because the signed agreement between the parties is ambiguous as to whether Chittenden contracted with Carimi individually or with the Carimi law Infirm, this ambiguity must be resolved against Carimi as the obligee. Thus, Chittenden should be allowed to recover the overpaid interest from either Carimi individually or his law firm.
CONCLUSION
Based on the forgoing, the judgment of the trial court adopting the Special Master’s report is affirmed.

AFFIRMED.

. It is difficult to determine from the signed agreement whether Chittenden retained Darryl J. Carimi or the Carimi Law Firm. At times Carimi is mentioned and at other times the word, Attorneys, is used. Chittenden, 2000-0414 at p. 1, n. 1, 788 So.2d at 1143.